## Young *v.* McCamant, Appellant.

*Real estate—Purchaser at sheriff's sale—Recovery of possession —Act of April 20, 1905, P. L. 239—Defenses.*

In an action by the purchaser of land at a sheriff's sale under the Act of April 20, 1905, P. L. 239, to recover possession from defendants in the execution, it appeared that possession was resisted by virtue of a parol agreement made at or about the time of the sale, by which the plaintiff in the execution who became the purchaser at the sale, gave the defendants the privilege of redeeming the land by payment to him of his liens against it within sixty days. The option had expired and nearly a year elapsed before defendants sought to avail themselves of the privilege so granted. *Held,* judgment was properly entered for the plaintiff.

Argued April 21, 1913. Appeals, Nos. 69 and 341,

Jan. T., 1912, by respondents, from judgments of C. P. Blair Co., as of Oct. T., 1910, No. 327, Oct. T., 1911, No. 67, in favor of petitioner in cases of Blair B. Young v. John G. McCamant and Blair B. Young v. John G. McCamant and Andrew H. McCamant. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Action under the Act of April 20, 1905, P. L. 239, to recover real estate purchased at sheriff's sale. Before BALDRIDGE, P. J.

The opinion of the Supreme Court states the facts.

The court made a decree in favor of the petitioner. Respondents appealed.

*Error assigned*, among others, was the decree of the court.

*Wm. L. Pascoe*, of *Stevens & Pascoe*, with him *Andrew H. McCamant*, for appellants.

*B. F. Warfel* and *Marion D. Patterson*, for appellee.

PER CURIAM, May 22, 1913:

Appeal No. 341 is from a judgment entered in a proceeding by a purchaser of land at a sheriff's sale to recover possession from the defendants in the execution. Possession was resisted by virtue of a parol agreement made at or about the time of the sale by which the plaintiff in the execution, who became the purchaser at the sale, gave the defendants the privilege of redeeming the land by payment to him of his liens against it within sixty days. It was claimed by the defendants that the agreement made the plaintiff a mortgagee with no right of possession. The court found that on the defendants' own showing the agreement, even if valid, was merely an option to purchase, and that it had expired and

nearly a year had elapsed without the defendants availing themselves of the privilege granted.

The judgment is affirmed.

Appeal No. 69 involves the same facts and it is dismissed.